JASON C. ROSS, ESQ. (Bar No. 252635)
rossj@higgslaw.com
RACHEL E. MOFFITT, ESQ. (Bar No. 307822)
moffittr@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Defendant
WAL-MART STORES, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA CAMACHO,<br><br>              Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a corporation; and DOES 1-20 inclusive,<br><br>              Defendants. | CASE NO. **'17 CV 351   BAS AGS**___<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(b) (DIVERSITY)**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Case Filed:      January 13, 2017 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that Defendant WAL-MART STORES, INC. ("Defendant") hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

## STATEMENT OF THE CASE

1. On or about January 13, 2017, Plaintiff PATRICIA CAMACHO ("Plaintiff") filed a lawsuit in the Superior Court of the State of California, County of San Diego, entitled *Camacho v. Wal-Mart Stores, Inc.*, Case No. 37-2017-00001464-CU-WT-CTL.

7853428.1

2.      Plaintiff mailed Defendant the Summons and Complaint on or about January 17, 2017, along with a Notice of Acknowledgment of Receipt, which Defendant received on January 23, and which it completed and returned within 20 days of mailing, on February 6.  (Exh. A, C.)  On or about February 22, Defendant answered the Complaint in the Superior Court of the State of California, County of San Diego.  (Exh. B.)

3.      The above-mentioned suit is a civil action for money damages against Defendant in which Plaintiff alleges state law claims, on behalf of herself, under California Government Code section 12940 et seq. (the "Fair Employment and Housing Act," or "FEHA") and California Government Code section 12945.2 et seq. (the "California Family Rights Act," or "CFRA"), as well as a common law claim for wrongful termination in violation of public policy.  The allegations supposedly giving rise to these claims arise from Plaintiff's employment with Defendant.  Plaintiff seeks special damages, general damages, punitive damages, and recovery of her attorneys' fees and costs, amongst other things.

4.      In accordance with 28 U.S.C. section 1446(a), a copy of all process and pleadings served by or on Defendant are attached to this Notice as **Exhibits A [Complaint]; B [Answer]; C [Summons].**

**TIMELINESS OF REMOVAL**

5.      A defendant in a civil action has 30 days to remove the action to federal court from the date it receives the summons and complaint through valid service of process.  (28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 347-348.)  This notice of removal is timely, as Defendant received a copy of the Summons and Complaint on or about January 23, 2017, and Defendant filed this Notice of Removal within 30 days of that date.  (28 U.S.C. § 1446(b).)

/ / /

/ / /

7853428.1                                    2

6. The consent of fictitious "Doe" defendants is not required because they have not been served. Defendant is the only party who must consent to removal.

### BASIS FOR REMOVAL – DIVERSITY OF CITIZENSHIP

7. This case is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a), and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A. Diversity of Citizenship

8. At the time this action was filed, and at all other times relevant to this case, Plaintiff was, and to Defendant's knowledge still is, domiciled in, and a citizen of, California.

9. A corporation is deemed to be a citizen of the state(s) where it is incorporated and where its principal place of business is located. (28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend* (2010) 130 S.Ct. 1181, 1186.)

10. Defendant WAL-MART STORES, INC. is a company duly organized and existing under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas.

11. Diversity of citizenship exists because Defendant (Delaware / Arkansas) is not a citizen of the same state as Plaintiff (California). (28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1441(b)(2).) The Doe defendants are irrelevant here, as they "shall be disregarded" for purposes of assessing diversity of citizenship. (28 U.S.C. § 1441(b)(1).)

/ / /

/ / /

/ / /

/ / /

7853428.1                                    3

**B.    Amount in Controversy**

12.    For purposes of diversity jurisdiction, when a complaint is unclear and does not specify "a total amount in controversy," the jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees, and punitive damages.  (*Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F.Supp. 2d 1029, 1031, quoting *Conrad Assoc. v. Hartford Accident & Indem. Co.* (N.D. Cal. 1998) 994 F.Supp. 1196, 1198.  See also *Guglielmino v. McKee Foods Corp.* (9th Cir. 2007) 506 F.3d 696, 700.)

13.    Where attorneys' fees are recoverable by a plaintiff either through statute or contract, the fee claim is included in determining the amount in controversy.  (*Galt G/S v. JSS Scandinavia* (9th Cir. 1988) 142 F.3d 1150, 1155-1156.  See *Lowdermilk v. U.S. Bank Nat'l Ass'n* (9th Cir. 2007) 479 F.3d 994, 1000 [stating attorneys' fees are included in assessing the amount in controversy where a plaintiff seeks their recovery per an underlying statute authorizing such an award through either mandatory or discretionary language].)

14.    Plaintiff seeks a monetary judgment against Defendant; however, Plaintiff did not expressly allege the amount in controversy on the face of her Complaint.  Nevertheless, it is apparent that the amount in controversy in this action, exclusive of interest and costs, will exceed $75,000.

15.    Plaintiff alleges she worked for Defendant as a Sales Associate in the Electronics Department until December 2014, when she alleges she "sought medical treatment for various medical ailments."  (Ex. A, ¶ 8.)  Following that treatment, Plaintiff alleges she received a letter from her physician stating she could return to work with certain restrictions.  (*Id.* at ¶ 9.)  Plaintiff further alleges she was forced to take a leave of absence, and was thereafter wrongfully terminated in April 2015.  (*Id.* at ¶¶ 10-29.)  She claims her termination was discriminatory (disability) and retaliatory.  (Ex. A, attach. A.)

/ / /

7853428.1                                                4

16.     Based on those allegations, Plaintiff asserts claims for: (*1*) disability discrimination (FEHA); (*2*) failure to prevent discrimination (FEHA); (3) failure to accommodate (FEHA); (4) failure to engage in the interactive process (FEHA); (5) disability retaliation (FEHA); (6) violation of CFRA rights; (7) CFRA retaliation; and (8) wrongful termination in violation of public policy (FEHA). (See Ex. A, p. 1.)  Plaintiff seeks special, general, and punitive damages, and recovery of her attorneys' fees and costs.

17.     Defendant provides the following calculations only to demonstrate that the amount in controversy exceeds the minimum amount for diversity jurisdiction.  Defendant makes no admission of any liability or damages with respect to any aspect of this case, and reserves its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of her claims.

18.     Plaintiff is seeking to recover past, present, and future "losses in income and benefits," or "wage losses," for each cause of action, based on Defendant's alleged failure to accommodate, and its allegedly discriminatory and retaliatory termination.  (Ex. A, ¶¶ 33, 41, 55, 63, 71, 89, 93, 99.)  Plaintiff contends she is owed alleged back wages from December 2014 up to and including the present time.  She alleges that, as of December 2014, Defendant wrongfully forced her to take a leave of absence when it claimed it was unable to accommodate her restrictions.  Plaintiff contends she unsuccessfully requested to return to work, but Defendant declined.  (See Ex. A, ¶¶ 8-29.)  Plaintiff therefore seeks alleged back wages from approximately December 2014 to the present (two years).

/ / /

/ / /

/ / /

/ / /

7853428.1

5

19.    At the time of her last active employment, in December 2014, Plaintiff was a full-time associate earning roughly $20,000 per year in gross wages at a final hourly rate of $12.95 per hour.  Plaintiff therefore seeks to recover approximately **$40,000** in alleged lost back wages (2 years **x** $20,000 = $40,000) as of the current date.

20.    Plaintiff also seeks lost future wages based on the same allegations. (Ex. A, ¶¶ 33, 41, 55, 63, 71, 89, 93, 99.)  This case can reasonably be expected to last two years.  Plaintiff thus seeks an additional **$40,000** in lost future earnings (2 years **x** $20,000 = $40,000).

21.    This amounts to approximately **$80,000** in total alleged wage loss demanded by Plaintiff.

22.    Plaintiff also seeks general damages for allegedly continuing "extreme physical and emotional distress, financial hardship, wage losses, humiliation, mental anguish, mental and physical pain," and more.  (Ex. A, ¶¶ 41, 55, 71, 89, 93, 99.)  It can very conservatively and reasonably be assumed that Plaintiff will seek at least **$30,000** in alleged emotional distress allegedly arising from December 2014 to the present.

23.    Plaintiff also seeks punitive damages, and alleges Defendant's conduct was "carried out . . . in a malicious, oppressive, or fraudulent manner in order to harm Plaintiff, or with the willful and conscious disregard for Plaintiff's rights," thus justifying an award of punitive damages against "in an amount sufficient to deter it from engaging in such conduct again in the future."  (Ex. A, ¶¶ 34, 42, 56, 64, 72, 98.)

24.    Plaintiff also seeks attorneys' fees under Government Code section 12965(b), which requires fees be awarded to a plaintiff prevailing on any FEHA or CFRA claim.  (Ex. A, ¶¶ 35, 43, 57, 65, 73, 90, 94; *Galt G/S*, *supra*, 142 F.3d at p. 1155-56 ["where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the

amount in controversy"].)  It can very conservatively and reasonably be assumed that Plaintiff will seek at least **$35,000** in alleged attorneys' fees through the trial of this matter.

25.  Taken together, the alleged harms and sums demanded place the amount in controversy here at a minimum of **$145,000**, well in excess of $75,000.

## ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

26.  Plaintiff originally filed her complaint in the Superior Court of California, County of San Diego, which is located within the Southern District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 84(a), as it is the "district and division embracing the place where such action is pending."  (28 U.S.C. § 114(a).)

27.  Pursuant to 28 U.S.C. §1446(d), Defendant will give written notice of the removal of this action to all parties and is filing a copy of that notice with the Superior Court of California, County of San Diego.  True and correct copies of the notice to Plaintiff and to the state court shall be filed promptly.

## JURY TRIAL DEMAND

28.  Defendant hereby demands a jury trial.

## CONCLUSION

29.  Wherefore, Defendant prays that the above-entitled action now pending against it in the Superior Court of California, County of San Diego, be removed to this Court.

Dated:  February 22, 2017                    HIGGS FLETCHER & MACK LLP


By:  *s/Jason C. Ross*
JASON C. ROSS, ESQ.
RACHEL E. MOFFITT, ESQ.
Attorneys for Defendant
WAL-MART STORES, INC.

7853428.1                                    7